IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWIN C. BELL, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-13-0478 |
| BANK OF AMERICA, N.A., as successor to BAC Home Loans, Servicing, LP, as successor to Countrywide Home Loans Servicing, LP, | * * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

The Plaintiffs Edwin and Miranda Bell, proceeding *pro se*, assert numerous claims against the Defendant Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("Defendant" or "Bank of America"). Pending before this Court is Defendant's Motion to Dismiss ("Motion") (ECF No. 5). The parties' submissions have been reviewed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion (ECF No. 5) is GRANTED.

The Bells are a married couple who purchased a parcel of property located at 1404 Ramblewood Drive, Emmitsburg, Maryland in 2005. The property was financed with two mortgages. After the first mortgage was transferred to Countrywide, the Plaintiffs defaulted on the first mortgage and the property was sold in a foreclosure sale, ratified by the Circuit Court for Frederick County, Maryland. *See Cohn v. Bell, et al.*, No. 10-C-09001261.

Thereafter, the second mortgage was also transferred to Countrywide. Following Countrywide's merger with Bank of America, the Bells defaulted on the second mortgage. The second mortgage was transferred to Dyck O'Neal, Inc., which sued the Bells for breach of contract in the Circuit Court for Carroll County, Maryland on July 25, 2011. *See Dyck O'Neal, Inc. v. Bell, et al.*, No. 06-C-11-059558. That case, in which the Bells are represented by counsel, is set for trial in January 2014.

In a Complaint filed in this Court, the Plaintiffs claim that these circumstances entitle them to relief from Bank of America. The Bells list eighteen claims, asserting a host of state common law causes of action, violations of federal statutes, and deprivations of their rights under the United States Constitution.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and each allegation therein must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). In general, a pleading must provide the defendant and the court with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, where, as here, there are allegations of fraud, those claims are subject to a heightened pleading standard under Rule 9. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (quoting Charles A. Wright &

Arthur R. Miller, 5 Federal Practice & Procedure § 1217 (2d ed. 1990)). Although a *pro se* plaintiff is general given more leeway than a party represented by counsel, this Court "has not hesitated to require even *pro se* litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

The Complaint in this case is a rambling recitation of numerous claims totaling 185 pages, excluding exhibits, and contains eighteen loosely-stated counts. It is not a "short and plain statement, nor is it concise and direct." *Wynn-Bey*, 2012 WL 5986967, at *2. The Plaintiffs' Memorandum in Opposition to the Motion to Dismiss only further confuses the issues. If, as the Plaintiffs baldly assert, sufficient facts are alleged somewhere within the lengthy Complaint to support a cause of action, it is their duty to plead them in such a way as to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure. *Wynn-Bey*, 2012 WL 5986967, at *2. The Complaint as alleged "places an unjustifiable burden on [the Defendant] to determine the nature of the claims against [it] and to speculate on what [its] defenses might be," and unfairly burdens this Court "to sort out the factual basis of any claims fairly raised." *Id.* (citing *Holsey v. Collins*, 90 F.R.D. 122, 123 (D Md. 1981)); *Stone*, 184 F.R.D. at 555 ("The Complaint presents a tangled web of conclusory accusations that

3

frequently fail to correspond with any supporting facts. As such, it places an unfair burden on the defendants and this Court to attempt to determine which claims have merit and which [do not].").

Despite their *pro se* status, the Bells must still state their claims in "an understandable and efficient manner." *Stone*, 184 F.R.D. at 555. Their rambling 185-page Complaint fails to meet this standard. Accordingly, their case is subject to dismissal.

## CONCLUSION

For the reasons stated above, Defendant's Motion (ECF No. 5) is GRANTED without prejudice.

A separate Order follows.


Dated: December 11, 2013                    /s/
                                    Richard D. Bennett
                                    United States District Judge